George Hofmann (10005)
Steven C. Strong (6340)
Benjamin J. Kotter (9592)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
Email: ghofmann@cohnkinghorn.com
         sstrong@cohnekinghorn.com
         bkotter@cohnekinghorn.com

*Attorneys for Gil A. Miller, Liquidating Trustee*

---

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**INFINIA CORPORATION, LLC** and **POWERPLAY SOLAR I, LLC**,<br><br>Debtors.<br><br>---<br><br>**GIL A. MILLER**, as Liquidating Trustee of the consolidated bankruptcy estate of **INFINIA CORPORATION** and **POWERPLAY SOLAR I, LLC**,<br><br>Plaintiff,<br><br>vs.<br><br>**SILVERMINE CAPITAL RESOURCES, LLC**, a Delaware limited liability company, and **RICHARD SHORTEN,** an individual,<br><br>Defendants. | Bankruptcy No. 13-30688<br><br>Chapter 11<br><br>Honorable William T. Thurman<br><br><br>**COMPLAINT**<br><br>Adv. Pro. No. 15-_____ |

{00246498.DOC /}

Gil A. Miller, in his capacity as the Liquidating Trustee (the "Trustee" or "Plaintiff") of the consolidated bankruptcy estates of Infinia Corporation ("Infinia" or the "Debtor") and PowerPlay Solar I, LLC (collectively, the "Debtors"), brings this action against Silvermine Capital Resources, LLC ("Silvermine") and Richard Shorten ("Shorten") (collectively "Defendants"), and for causes of action, alleges as follows:

## NATURE OF THE CASE

1.      This Complaint seeks to avoid and recover from the Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendants by Infinia during the one-year period before Infinia's bankruptcy filing under Bankruptcy Code §§ 547 and 550.  To the extent that the Defendants have filed one or more proofs of claim or have claims listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or otherwise has requested payment from the Debtors or the Debtors' estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Debtors' or Trustee's right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. § 502(a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 is sought by the Trustee in this Complaint as stated below.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5.     On September 17, 2013 (the "Petition Date"), the Debtors filed for bankruptcy relief under Chapter 11 of the U.S. Bankruptcy Code, commencing jointly administered Bankruptcy Case No. 13-30688 (the "Case") in the U.S. Bankruptcy Court for the District of Utah (the "Court").

6.     On April 14, 2014, the Court entered an order [Docket No. 326] (the "Confirmation Order") confirming the Debtors' Chapter 11 Plan of Liquidation (the "Plan").

7.     The "Effective Date" of the Plan was May 14, 2014.  Pursuant to the Plan, Gil A. Miller became the Liquidating Trustee of the Debtors' consolidated bankruptcy estate (the "Estate") as of the Effective Date.

8.     Upon information and belief, Silvermine is a Delaware limited liability company with its principal place of business in New Canaan, Connecticut.

9.     Shorten is an individual and former director of Infinia, who upon information and belief, resides in New Canaan, Connecticut.

10.     During the Preference Period and when Defendants received the Preferential Transfer (as those terms are defined below), Shorten was a director of Infinia and as such was an "insider" of the Debtor as that term is defined by 11 U.S.C. § 101(31)(B)(i).

11.     During the Preference Period and when Defendants received the Preferential Transfer (as these terms are defined below), Silvermine was, upon

information and belief, an entity in which Shorten owned, controlled or held a majority of the equity interests, and was an "insider" of the Debtor pursuant to 11 U.S.C. § 101(31).

### First Cause of Action
*(Preferential Transfer under 11 U.S.C. § 547)*

12. The Trustee incorporates by reference all preceding paragraphs of this Complaint.

13. As set forth on Exhibit A attached hereto, which is hereby incorporated by reference as if fully set forth herein, in the one-year preceding the Petition Date (the "Preference Period") the Defendants received payments from Infinia totaling $243,584.84 (the "Preferential Transfer").

14. The Preferential Transfer constitutes a transfer of an interest of the Debtor in property.

15. The Preferential Transfer was made to the Defendants within one-year before the Debtor's bankruptcy filing.

16. The Preferential Transfer was made to or for the benefit of the Defendants, at a time when the Defendants were creditors of Infinia.

17. The Preferential Transfer was for or on account of an antecedent debt owed to the Defendants by Infinia before the Preferential Transfer was made.

18. Infinia was insolvent at the time the Preferential Transfer was made.

19. The Preferential Transfer enabled the Defendants to recover more than they would have received under Chapter 7 of the Bankruptcy Code if the Preferential Transfer had not been made and if the Defendants had received payment of such debt to the extent provided by the applicable provisions of the Bankruptcy Code.

{00246498.DOC /}                              4

20.     At all times relevant, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e) of the Bankruptcy Code.

21.     By reason of the foregoing, the Preferential Transfer may be avoided as a preference under 11 U.S.C. § 547(b).

22.     During the course of this proceeding the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendants during the Preference Period.  It is the Trustee's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property or transfer made by the Debtors for the benefit of the Defendants or any other transferee.  The Trustee reserves his right to amend this Complaint to include (i) further information about the Preferential Transfer, (ii) information regarding additional transfers, (iii) revision of the Defendants' names, and/or (iv) additional causes of action including, but not limited to, causes of action under Sections 542, 544, 545, 548, and 549 of the Bankruptcy Code (collectively, the "Amendments"), as additional information may become known to the Trustee any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the filing of the original Complaint in this case.

## Second Cause of Action
*(Transferee Liability under 11 U.S.C. § 550)*

23.     The Trustee incorporates by reference all preceding paragraphs of this Complaint.

24.     The Defendants were the initial transferees of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer were made.

25.     By reason of the foregoing, and pursuant to 11 U.S.C. § 550, the Trustee may recover from the Defendants the Preferential Transfer.

**Third Cause of Action**
*(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))*

26.     The Trustee incorporates by reference all preceding paragraphs of this Complaint.

27.     The Defendants are entities from which property is recoverable under 11 U.S.C. § 550.

28.     The Defendants are transferees of the Preferential Transfer avoidable under 11 U.S.C. § 547.

29.     The Defendants have not paid the amount of the Preferential Transfer for which the Defendants are liable under 11 U.S.C. § 550.

30.     Pursuant to 11 U.S.C. § 502(d) and (j), any and all Claims of the Defendants and/or their assignees against the Estate that are or were previously allowed in the Case must be reconsidered and disallowed until such time as the Defendants pay to the Trustee an amount equal to the aggregate amount of the Preferential Transfer, plus interest thereon and costs.

**WHEREFORE**, the Trustee requests judgment against the Defendants as follows:

1.      Avoiding and recovering the Preferential Transfer or its value from the Defendants;

2.      Granting judgment in favor of the Trustee and against the Defendants in the amount of $243,584.84;

3.      Requiring the Defendants to immediately pay this amount to the Trustee pursuant to 11 U.S.C. §550;

4.      Disallowing any Claims of the Defendants and/or their assignees pursuant to Bankruptcy Code § 502(d) and (j) if they refuse to turn over any transfers to the Trustee;

5.      Awarding pre-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 to the extent provided by law;

6.      Awarding post-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the date of judgment until paid in full; and

7.      For any other relief the Court deems just and proper.

DATED this 14th day of September, 2015.

**COHNE KINGHORN, P.C.**

_/s/ Benjamin J. Kotter_
George Hofmann
Steven C. Strong
Benjamin J. Kotter
*Attorneys for Gil A. Miller, Liquidating Trustee*

# Exhibit A

| Vendor Name | Pmt | Pmt Date | Line Amount | Voucher No. | Voucher Date |
|---|---|---|---|---|---|
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000700915-CK | 10/25/2012 | 40,000.00 | 33792 | 10/19/2012 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000700915-CK | 10/25/2012 | 10,979.92 | 33792 | 10/19/2012 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000700929-CK | 11/28/2012 | 20,000.00 | 34371 | 11/30/2012 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000700929-CK | 11/28/2012 | 1,537.44 | 34371 | 11/30/2012 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000102911-EF | 12/20/2012 | 20,000.00 | 34864 | 12/30/2012 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103054-EF | 1/24/2013 | 20,000.00 | 35517 | 1/24/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103233-EF | 2/28/2013 | 20,000.00 | 36462 | 2/24/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103313-EF | 3/22/2013 | 20,000.00 | 36963 | 3/20/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103552-EF | 5/10/2013 | 20,000.00 | 38267 | 4/30/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103577-EF | 5/16/2013 | 3,905.66 | 38359 | 4/30/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103603-EF | 5/23/2013 | 168.08 | 38544 | 5/21/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103603-EF | 5/23/2013 | 1,916.33 | 38544 | 5/21/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103694-EF | 6/10/2013 | 2,156.99 | 38903 | 5/30/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103694-EF | 6/10/2013 | 20,000.00 | 38903 | 5/30/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103919-EF | 8/15/2013 | 2,920.42 | 40222 | 8/9/2013 |
| RICHARD SHORTEN (SILVERMINE CAPITAL) | 0000103919-EF | 8/15/2013 | 40,000.00 | 40222 | 8/9/2013 |
| **RICHARD SHORTEN (SILVERMINE CAPITAL) Total** | | | 243,584.84 | | |